UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JOSHUA HEADRICK,            )
                            )
    Plaintiff,              )
                            )
    v.                      )    16-CV-3003
                            )
JOHN DOES,                  )
                            )
    Defendant.              )

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff, proceeding pro se from his incarceration in the Danville Correctional Center, filed several pleadings that are difficult to understand.  The Court held a hearing on March 18, 2016, to try to clarify Plaintiff's claims.  At that hearing, Plaintiff cogently explained that, in 2014, he was subjected to excessive force in the Saline County Jail in retaliation for a letter Plaintiff had written to a federal court.  He further stated that, as a result of the alleged excessive force, he still experiences daily migraine headaches, severe earaches, and a neck that remains swollen and painful.  He said he was transferred to Danville Correctional Center

in October 2015, where his requests for medical treatment have allegedly continued to be denied. He believes he needs an MRI.

Plaintiff's pleadings filed after the hearing are also difficult to understand. At this point, this case will proceed on the claims stated by Plaintiff at the hearing: excessive force, retaliation, and deliberate indifference to Plaintiff's medical needs. However, Plaintiff must identify the names of the individuals who personally committed these alleged violations. At this point, the Court will add the Sheriff of Saline County and the Warden of Danville Correctional Center as Defendants, solely for the purpose of assisting in identifying the proper defendants.

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states constitutional claims for excessive force, deliberate indifference to his serious medical needs, and retaliation for the exercise of his First Amendment rights. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a

party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Keith Brown (Sheriff of Saline County) and Victor Calloway (Acting Warden of Danville Correctional Center) are added as Defendants solely for the purpose of assisting in identify the correct individual defendants.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5)   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)   Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7)   This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)   If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**12)   The clerk is directed to add as Defendants Keith Brown (Sheriff of Saline County) and Victor Calloway (Acting Warden of Danville Correctional Center).**

13)   **Plaintiff's petition to proceed in forma pauperis is granted (4).  The clerk is directed to enter the standard order waiving the initial partial filing fee.**

14)   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

15)   **Plaintiff's motion for the Court to try to find pro bono counsel to represent him is denied (6), with leave to renew after**

**Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own.** Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).  This typically requires writing to several lawyers and attaching the responses.  If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

    16)    **Plaintiff's other pending motions are denied as moot (2, 3, 4, 8, 13).**

    17)    **The court reporter is directed to prepare and file a transcript of the hearing on March 18, 2016, costs to be borne by the United States.**

    18)    **The clerk is directed to send a copy of this order to the court reporter.**

ENTERED:   June 6, 2016

FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE